
Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50007 | **DATE** | 9/26/2001 |
| **CASE TITLE** | In Re: David Odling, Debtor | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated in the attached Memorandum Opinion and Order, the decision of the Bankruptcy Court is affirmed.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | SEP 26 2001 date docketed | |
| X | Docketing to mail notices. | | |
| X | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | SEP 26 2001 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

DOCKETED
SEP 26 2001

In Re: David Odling, Debtor

**JUDGMENT IN A CIVIL CASE**

Case Number: 01 C 50007

☐     Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■     Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the decision of the Bankruptcy Court is affirmed.

FILED-WD
01 SEP 26 PM 3:13
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 9/26/2001

Susan M. Wessman, Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | No. 01 C 50007 |
| | ) | Appeal from United States |
| DAVID ODLING, | ) | Bankruptcy Court, |
| | ) | Northern District of |
| | ) | Illinois, Western |
| Debtor. | ) | Division, No. 95 B 51899 |

**MEMORANDUM OPINION AND ORDER**

## I. Introduction

On September 13, 1995, debtor David Odling filed a voluntary petition for relief pursuant to Chapter 7 of the Bankruptcy Code. On February 8, 1996, he was granted a discharge of his debts pursuant to 11 U.S.C. § 727. On April 10, 2000, Odling filed a motion for entry of an order for civil contempt, alleging that Gerald Forsythe violated the Bankruptcy Court's discharge injunction. On October 23, 2000, the Bankruptcy Court announced its decision that Forsythe violated the discharge injunction and on November 21, 2000, entered an order that Odling's obligations to Forsythe pursuant to the guaranty at issue are discharged, from which Forsythe appeals. This court has jurisdiction over the appeal based on 28 U.S.C. § 158(a).

## II. Facts

On July 13, 1991, Odling executed a guaranty in favor of the Blackhawk State Bank ("the Bank"), pursuant to which Odling guaranteed repayment of the indebtedness of Anderson Marine, Inc. ("Anderson Marine") to the Bank. (Rusch Aff. ¶ 6) On December 23, 1994, Anderson Marine executed a Promissory Note ("Note") in the original principal amount of $450,000, payable to the order

1

of the Bank. (Id. ¶ 3) On that date, Forsythe executed a
Guaranty ("Forsythe Guaranty") in favor of the Bank, pursuant to
which Forsythe guaranteed repayment of the Note to the Bank.
(Id. ¶ 7) From December 23, 1994 until May 12, 1997, to further
secure repayment of the Note and to assist Anderson Marine in the
acquisition of boats for sale, Anderson Marine and the Bank
executed Floor Plan Financing Agreements. (Id. ¶ 5)

In the meantime, Odling filed his Chapter 7 petition for
bankruptcy on September 13, 1995. On his schedules, he listed
the debt owed to the Bank and to Forsythe. Subsequent to his
discharge from bankruptcy, on March 25, 1996, Odling executed a
second guaranty ("Second Guaranty") in favor of the Bank,
pursuant to which Odling guaranteed repayment of the Note to the
Bank and any and all obligations to the Bank pursuant to the
Financing Agreement. (Id. ¶ 8) The Second Guaranty obligated
Odling to guarantee payment of

> all loans, drafts, overdrafts, checks, notes, and all other
> debts, obligations and liabilities of every kind and
> description, whether of the same or a different nature,
> arising out of credit previously granted, credit
> contemporaneously granted or credit granted in the future.

(Id. Exh. F) After the Second Guaranty was executed, the Bank
loaned $738,931 to Anderson Marine. (Id. ¶ 14)

On or about February 28, 1998, Anderson Marine was in
default of its obligations to the Bank. (Id. ¶ 9) On or about
April 29, 1998, Anderson Marine and the Bank agreed in writing
for Anderson Marine to surrender and transfer possession of
certain of its boats to the Bank. (Id. ¶ 10) Approximately one

month later, Forsythe paid the Bank $293,599.44 to satisfy the remaining balance of Anderson Marine's indebtedness. (Id. ¶ 11) The Bank then assigned the Second Guaranty to Forsythe. (Id. ¶ 12) Thereafter, Forsythe filed a complaint in state court seeking to enforce the Second Guaranty, which caused Odling to file his motion for a contempt order with the Bankruptcy Court.

### III. **Analysis**

A district court reviews a bankruptcy court's factual findings for clear error, and reviews conclusions of law de novo. In re Juzwiak, 89 F.3d 424, 426 (7th Cir. 1996). Generally, a bankruptcy order discharges the debts of an individual debtor. 11 U.S.C. § 727; In re Platter, 140 F.3d 676, 680 (7th Cir. 1998). A debtor can enter into an agreement with a creditor to reaffirm an otherwise dischargeable debt. See 11 U.S.C. § 524(c). However, section 524(c) is explicit in that a reaffirmation agreement is enforceable only if all of its statutory conditions are met. Id.; Cox v. Zale Delaware, Inc., 239 F.3d 910, 912 (7th Cir. 2001).

Here, it is uncontested the Second Guaranty does not comply with section 524(c)'s requirements. Forsythe argues section 524(c) does not apply because the Second Guaranty is not a reaffirmation of a previously discharged debt. Rather, according to Forsythe, the Second Guaranty was a new obligation supported by new consideration and not subject to his prior discharge in bankruptcy. (Appellant Br., p. 12) In support of his argument, Forsythe notes the Bank provided Anderson Marine with $738,931 in

new financing after the discharge to acquire boats pursuant to the Note and Financing Agreements. (Id. p. 17)

Forsythe's characterization of the Bank's funding as "new financing" is misleading. Forsythe argues there is no evidence to support the Bankruptcy Court's finding that the Second Guaranty covered prepetition, discharged debt, but he is wrong. As Odling notes, the computer print-out attached to Rusch's affidavit shows otherwise. Beginning in 1994, the Note and Financing Agreements established a line of credit for Anderson Marine to use in purchasing boats. Pursuant to this financial arrangement, the Bank kept a running total of Anderson Marine's indebtedness, and as boats were acquired or sold the balance due the Bank increased or decreased accordingly. At the time Odling executed the Second Guaranty in March 1996, Anderson Marine's account was not at zero, and the money owed to the Bank was a discharged debt. (Rusch Aff., Exh. I; Appellee Br., p. 2) These monies were covered by the Second Guaranty. Thus, the Bankruptcy Court was correct in stating that part of the consideration for the Second Guaranty rested on Odling's promise to honor a discharged debt.

Some cases have enforced post-discharge agreements to repay part or all of a discharged debt if the creditor offers some new consideration. See In re Heirholzer, 170 B.R. 938 (Bankr. N.D. Ohio 1994); see also In re Watson, 192 B.R. 739 (B.A.P. 9th Cir. 1996), aff'd, 116 F.3d 488 (9th Cir. 1997) (unpublished); In re Peterson, 110 B.R. 946 (Bankr. D. Colo. 1990); In re Button, 18

4

B.R. 171 (Bankr. W.D.N.Y. 1982). This court agrees with the Bankruptcy Court that the prevailing and better-reasoned view is to reject Heirholzer and its progeny and instead follow the plain language of section 524(c). (Tr. of Oct. 23, 2000, p. 4)

Section 524(c) applies to an agreement between a creditor and a debtor, "the consideration for which, in whole or in part, is based on" a dischargeable debt. 11 U.S.C. § 524(c). In Getzoff v. Republic Bank of Cal., 180 B.R. 572, 573 (B.A.P. 9th Cir. 1995), a corporation obtained a loan from a bank, the repayment of which was secured, in part, by the personal guaranty of the debtor. Thereafter, the debtor filed a Chapter 7 bankruptcy petition and was granted a discharge. Id. After the grant of the discharge, the parties refinanced the note and the debtor executed a new guaranty. Id.

The Getzoff court held the second guaranty, which did not comply with section 524(c), should have. The second guaranty was merely an extension of the first note. Id. at 574. Thus, in executing the second guaranty, the debtor was assuming the continuing guaranty obligation that had already been discharged. Id. Section 524(a), according to the Getzoff court, bars the bank from trying to recover such a debt without observing section 524(c)'s formalities. Id. In so holding, the court rejected the bank's argument that new consideration rendered the second guaranty a new, postpetition obligation. Id. at 574-75. The court stated,

> Section 524 references the consideration given by the
> debtor, not the lender. Under Section 524(c), if the

5

> debtor's consideration is based in whole or in part on a
> discharged debt, then a reaffirmation agreement must be
> filed with the court. The fact that the Bank gave new
> consideration in exchange for the Second Guaranty does not
> change the fact that the consideration given by [the debtor]
> was his promise to honor a discharged debt, the First
> Guaranty.

Id. at 575.

The District Court for the Northern District of Illinois followed the Getzoff court's reasoning in In re Smith, 224 B.R. 388 (Bankr. N.D. Ill. 1998). Therein, the debtor defaulted on a mortgage with a bank, filed for bankruptcy protection, lost the home in a foreclosure proceeding, and received a discharge in bankruptcy. Id. at 390. He subsequently obtained financing from the same bank for a new home, and agreed to add his discharged debt of $19,000 to the mortgage on the new home. Id. It was undisputed the addition of the $19,000 debt to the new mortgage was not done through any valid reaffirmation agreement. Id. at 395.

The plain language of section 524(c), according to the Smith court, requires a formal reaffirmation agreement when the consideration for the agreement is based *"in whole or in part"* on a dischargeable debt. Smith, 224 B.R. at 396 (quoting 11 U.S.C. § 524(c)) (emphasis in original). Because the second mortgage was based in part on discharged debt, the parties should have complied with section 524, according to the court. Id. at 397. To hold section 524(c) inapplicable to post-discharge agreements in such circumstances would render section 524(c) a nullity

whenever a creditor could obtain a debtor's signature on any post-discharge agreement. Id.

This court agrees with the Bankruptcy Court that the Getzoff and Smith courts properly interpreted section 524(c). By its clear language, its reaffirmation requirements apply to any agreement where all or part of the debtor's consideration is based on a discharged debt. Getzoff, 180 B.R. at 575; Smith, 224 B.R. at 397; In re Watkins, 240 B.R. 668, 676-78 (Bankr. E.D.N.Y. 1999) (a reaffirmation agreement is "definitely appropriate" when debtors agree postpetition to repay a portion of their discharged debt, unless the creditor can clearly establish that some exception excuses it from complying with § 524(c)); In re Stevens, 217 B.R. 757, 760-61 (Bankr. D. Md. 1998) (so long as any part of a postpetition agreement is based on a debtor's promise to repay a discharged debt, section 524(c) applies, regardless of the existence of new consideration); In re Arnold, 206 B.R. 560, 564-66 (Bankr. N.D. Ala. 1997) (where the consideration for a postpetition agreement is based in part on a dischargeable debt, the agreement must comply with section 524(c)); Marianne B. Culhane & Michaela M. White, *Reaffirmation and Discharge Problems*, 1114 PLI/Corp 705, 749 (1999) (the majority of recent decisions have refused to follow Heirholzer and instead focus on the consideration promised by the debtor).

Interpreting this section to apply to postpetition agreements where all or part of the debtor's consideration is based on a discharged, prepetition debt is consistent with the

7

Bankruptcy Code's purpose. Enabling a debtor to make a fresh start is one of the goals of bankruptcy law. Cox, 239 F.3d at 912. The reaffirmation rules are intended to protect debtors from compromising their fresh start by making unwise agreements to repay dischargeable debts. In re Turner, 156 F.3d 713, 715 (7th Cir. 1998). Because section 524(c) permits a debtor to reassume debts of which he would otherwise be relieved, it is in tension with the goal of giving a debtor a fresh start. Id. at 718. Allowing a creditor to avoid section 524(c) postpetition would subvert the Code's careful balance.

Thus, it follows that the Bankruptcy Court did not err in holding Forsythe in contempt for violating its previous discharge Order by attempting to enforce the Second Guaranty.

### IV. Conclusion

For the reasons set forth above, the decision of the Bankruptcy Court is affirmed.

ENTER:

PHILIP G. REINHARD, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 26, 2001